IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLUE MOON ENTERTAINMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1050-CV-W-HFS |
| ) | |
| BATES CITY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the court is the motion of plaintiff Blue Moon Entertainment, LLC for a temporary restraining order and/or preliminary injunction. Plaintiff seeks, *inter alia*, a finding declaring Section 406 of the Municipal Code of defendant City of Bates City, Missouri unconstitutional. Plaintiff also seeks a finding declaring certain regulatory provisions of the Municipal Code unconstitutional.[1] Plaintiff seeks damages for its alleged injuries pursuant to 42 U.S.C. § 1983. Also, before the court is plaintiff's motion for leave to file excess pages.[2] Finally, before the court is the motion of defendants the City of Bates City, Missouri ("Bates City") and Greg Ford to dismiss the complaint, or, alternatively, to stay the action.[3]

---

[1]This would include an ordinance defined as "Erotic Dance Establishments" containing sections 630.010, 630.020, 630.030, 630.040, and 600.095 of the Municipal Code. (Complaint: pg.2; ¶ 1).

[2]Upon the filing of its motion and suggestions in support of the motion, plaintiff subsequently sought leave to file its suggestions in excess of the page limitation; thus, the relief sought is moot.

[3]Defendant Bates City is a municipal government chartered under the laws of the State of Missouri, and defendant Ford is a certified building official employed by Bates City as a codes

Background Facts

The following facts, recited primarily from the complaint, are undisputed; however, where controverted, this will be duly noted. Plaintiff owns a parcel of developed property in Bates City, identified as 304 Old U.S. 40 Highway West, Bates City, Missouri. Plaintiff seeks to operate an entertainment complex, which would include "consenting adult non-obscene performance dance entertainment" performed by females. As described by plaintiff, at times, the female entertainers will be fully clothed, and at other times, they will be attired in "pasties" and "G-strings," with the genitals, anal cleft, and areolae opaquely covered.

Pursuant to Chapter 605 of the Municipal Code, § 605.030, all retail establishments are required to obtain a business license prior to commencing operation. On or about January 8, 2004, plaintiff applied for a license to operate the business, and when no action was taken, plaintiff filed a written appeal. By letter dated February 24, 2004, Bates City advised plaintiff of Section 406, an amendment to the Code, and in particular, 406.A(2) which states that an "adult night club" is a conditional use which must be approved after public hearings before the Planning and Zoning Commission and the Board of Aldermen. (Plaintiff's Suggestions in Support of Motion: Ex. E). Further, section 605.070.B requires, *inter alia*, that a conditional use permit be obtained prior to the issuance of an occupational license. (Id). By letter dated March 3, 2004, defendant Ford essentially repeated the requirements noted in the February 24th letter, and additionally, advised plaintiff that because a use change was proposed, plaintiff would be required to request a zoning change in accordance with section 405.430 of the Bates City Zoning Ordinance. (Id: Ex. F).

---

official. (Complaint: pg. 4; ¶¶ 12-13).

2

Plaintiff seeks to enjoin Bates City and Ford from enforcing Section 406 on the grounds that it is unconstitutional and in violation of the First and Fourteenth Amendments. Defendants oppose plaintiff's motion, and argue that inasmuch as plaintiff has failed to apply for a conditional use permit, its claims against defendants are not ripe for adjudication. Defendants therefore seek to have the complaint dismissed, or, alternatively, to stay the action.

Standard of Review

In assessing whether a preliminary injunction should issue, a court must consider: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. Watkins Inc., at 844. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Id. Consequently, when there is an adequate remedy at law, a preliminary injunction is not appropriate. Id. Stated another way, "[t]he failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction." Brookins v. Wissota Promoters Ass'n, Inc., 142 F.Supp.2d 1149, 1152 (D.N.D. 2000).

3

In a recent case with strikingly similar circumstances, plaintiff's motion for a temporary restraining order or preliminary injunction was denied. see, *Blue Springs Gifts, L.L.C. v. The City of Blue Springs, Mo.*, No. 00-0586-CV-W-SOW-ECF. In that case, plaintiff sought to open a gift store under the name of "Priscilla's" in the City of Blue Springs, Missouri, and claimed that only 10% of its stock in trade would contain sexually explicit films, videotapes or publications. Based upon a visit to another Priscilla location, Robert McDonald, the City Attorney for the City of Blue Springs, Missouri, advised L.C. Properties, Inc., the owner of the property upon which the Priscilla shop was to be erected, that a conditional use permit would be required. However, as in the case at bar, plaintiff sought relief from the court, prior to applying for a conditional use permit.

While cognizant that plaintiff was not required to exhaust administrative remedies prior to commencing suit pursuant to 42 U.S.C. § 1983, the court in *Blue Springs Gifts* found plaintiff's failure to apply for a conditional use permit fatal to its assertion that it suffered irreparable harm. For, plaintiff's alleged harm might be remedied "upon a simple application from plaintiff." I agree, because "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Brookins, 142 F.Supp.2d at 1152; quoting, Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999). A comparable ruling was made by Judge Magnuson, where a plaintiff had not obtained (and apparently had not sought) a certificate of occupancy for adult entertainment. Cold Dish Enterprises v. City of Arlington, 2002 WL 537 645 (D. Minn.)[4]

---

[4]Even if debatable, the rulings of one judge of this court should generally be followed, unless plainly unreasonable. This case merits that practice, where similar issues are presented in litigation involving nearby municipalities.

4

I would not follow the procedural path used in Blue Springs Gifts if there were Eighth Circuit law or subsequent law placing it in serious doubt. There is an appellate ruling that seems to have reached the merits despite a probable failure of a plaintiff to seek a special use permit. R.V.S., L.L.C. v. City of Rockford, 361 F.3d 402 (7th Cir. 2004). In that case, however, the property in question was disqualified by ordinance from obtaining a permit. 361 F. 3d at 405. Therefore, if the issue had been raised, I would suppose that the district judge and the appellate court would have rejected Judge Wright's practice because a litigant is not required to go through a useless and hopeless exercise. Presumably that cannot be said here.

In declining to consider the merits of the claim while the questions are still moot it may be useful to advise counsel to study the R.V.S. ruling and what may be the leading current Eighth Circuit decision in this general area of the law, SOB, Inc. v. County of Benton, 317 F.3d 856 (8th Cir. 2003).

Accordingly, it is hereby

ORDERED that plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF doc. 2) is DENIED. It is further

ORDERED that plaintiff's motion for leave to file excess pages (ECF doc. 4) is DENIED

5

as moot. It is further

ORDERED that defendants' motion to dismiss, or, alternatively to stay the action (ECF doc. 10) is GRANTED, in part.  Injunctive proceedings are STAYED pending further developments.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 13, 2005

Kansas City, Missouri