IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLUE MOON ENTERTAINMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1050-CV-W-HFS |
| ) | |
| BATES CITY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the court upon remand from the Eighth Circuit vacating this court's order denying plaintiff's motion for a temporary restraining order and/or preliminary injunction. Plaintiff owns a parcel of developed property in Bates City, identified as 304 Old U.S. 40 Highway West, Bates City, Missouri. Plaintiff seeks to operate an entertainment complex, which would include "consenting adult non-obscene performance dance entertainment" performed by females. As described by plaintiff, at times, the female entertainers will be fully clothed, and at other times, they will be attired in "pasties" and "G-strings," with the genitals, anal cleft, and areolae opaquely covered.[1]

Pursuant to Chapter 605 of the Municipal Code, § 605.030, all retail establishments are required to obtain a business license prior to commencing operation. On or about January 8, 2004, plaintiff applied for a license to operate the business, and when no action was taken, plaintiff filed a written appeal. By letter dated February 24, 2004, Bates City advised plaintiff of Section 406, an

---

[1] Comparisons may be made between this case and <u>Dolls, Inc. V. City of Coralville, Iowa</u>, 425 F. Supp.2d 958 (S.D. Iowa 2006).

amendment to the Code, and in particular, 406.A(2) which states that an "adult night club" is a conditional use which must be approved after public hearings before the Planning and Zoning Commission and the Board of Aldermen. (Plaintiff's Suggestions in Support of Motion: Ex. E). Further, section 605.070.B requires, *inter alia*, that a conditional use permit be obtained prior to the issuance of an occupational license. (Id). By letter dated March 3, 2004, defendant essentially repeated the requirements noted in the February 24th letter, and additionally, advised plaintiff that because a use change was proposed, plaintiff would also be required to request a zoning change in accordance with section 405.430 of the Bates City Zoning Ordinance. (Id: Ex. F).

Plaintiff did not apply for a conditional use permit or seek to have the property rezoned. Instead, plaintiff filed a complaint, and on the same day, filed a motion seeking a temporary restraining order and/or preliminary injunction. Plaintiff seeks, *inter alia*, a declaration that Section 406 of the Municipal Code of defendant City of Bates City, Missouri is unconstitutional. Plaintiff also seeks a declaration that certain regulatory provisions of the Municipal Code are unconstitutional.[2] Plaintiff seeks damages for its alleged injuries pursuant to 42 U.S.C. § 1983.

Defendants moved to dismiss the complaint on the ground that plaintiff's failure to apply for a conditional use permit rendered its claims unripe for adjudication. Alternatively, defendants requested that the matter be stayed pending the outcome of plaintiff's application for a special use permit. By an order dated May 13, 2005, I found defendants' contention to be persuasive and

---

[2]This would include an ordinance defined as "Erotic Dance Establishments" containing sections 630.010, 630.020, 630.030, 630.040, and 600.095 of the Municipal Code. (Complaint: pg.2; ¶ 1).

2

concluded that plaintiff's failure to apply for the conditional use permit was fatal to its assertion that it suffered irreparable harm; thus, the motion for TRO and/or preliminary injunction was denied.[3]

The Court noted the absence of a decision regarding whether plaintiff was required to have the parcel rezoned, whether Section 406 conformed to constitutional requirements and was validly enacted, and whether plaintiff could satisfy other factors as noted in Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109 (8th Cir. 1981).

## **Analysis**

A preliminary injunction order may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase, at 113.

Defendant argues that injunctive relief should not be granted because: (a) plaintiff has not complied with Section 605.070(B) which requires the submission of site plans for approval by the Building Inspector and Fire Department; (b) plaintiff failed to comply with the parking requirements of Section 406; and ( c ) the property is not zoned as C-1 as required by Section 406. However,

---

[3]Upon plaintiff's appeal, the Eighth Circuit agreed that the failure to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction." Blue Moon Entertainment, LLC v. The City of Bates City, Mo., No. 05-2793, pg. 4). However, where as here, there is a "prior restraint" on a protected activity, the resulting loss of First Amendment freedoms could constitute irreparable harm. (Id: pg. 5-6). The order denying plaintiff's motion for a preliminary injunction was vacated, and the case was remanded for further proceedings. (Id: pg. 7). 441 F.3d 561 (8th Cir. 2006).

3

defendant concedes that "portions of Section 406 are likely unconstitutional." (Suggestions in Opposition: pg. 5).[4]

Defendant argues that notwithstanding the unconstitutionality of portions of Section 406, plaintiff failed to provide site plans for approval by the Building Inspector and Fire Department. Thus, defendant contends that plaintiff is not entitled to a business license pursuant to Section 605.070(B). Conversely, plaintiff argues that the language of 605.070(B) does not mandate the submission of site plans. While the language of 605.070(B) does not expressly require site plans, it clearly contemplates the submission of information "on all new applications so that the City Inspector or Marshal can certify that the premises meets minimum Code standards." (Plaintiff's Supporting Suggestions: Ex. B). This was further expressed by Code Official, Greg Ford, in his letter dated March 3, 2004, in which he advised plaintiff that it would have to request a zoning change in accordance with Section 405.430 of the Bates City Zoning Ordinance. (Id: Ex. F, Ex. G). Plaintiff was also advised that it would need to provide building and site plans for approval by the Building Inspector and Fire Department. (Id: Ex. F). Plaintiff does not dispute that it was so advised, and does not challenge the constitutionality of Section 405.430. Nor does plaintiff contend that site plans were submitted when it first applied for a business license. As a result, plaintiff still fails to show current entitlement to proceed with its aspirations, this time on issues not involved in the First Amendment or some theory of prior restraint.

On the one hand, defendant admits that portions of Section 406 are unconstitutional, while on the other hand, defendant contends that plaintiff failed to comply with the parking and zoning

---

[4]Defendant does not differentiate between those portions considered unconstitutional, and those passing constitutional muster. Defendant also fails to proffer any basis upon which to provide support for a severability argument.

requirements which are, admittedly, pursuant to Section 406. By admitting that certain unreferenced provisions of Section 406 are constitutionally infirm, yet, arguing that plaintiff is not entitled to injunctive relief based on the parking and zoning requirements of 406, defendant essentially seeks to sever the unconstitutional provisions. In order to cure the ordinance of unbridled discretion,[5] it would have to be rewritten in order to provide adequate procedural safeguards. Freedman v. Maryland, 380 U.S. 51 (1964).

It has been said that it is not this court's function to rewrite a state law to cure all its constitutional infirmities. Video Software Dealers Association v. Webster, 968 F.2d 684, 691 (8th Cir. 1992). The cases cited by plaintiff appear to deal, however, with judicial construction of legislation, not severability. Of course a federal court has no authority to construe a local statute or ordinance in a definitive manner; the court can only act on its best prediction of what a state court would do. Similarly with severability, the court is engaged in prediction rather than editing, except as to the parties before it. Contrary to plaintiff's contention, however, federal courts do frequently and properly engage in ruling issues of severability, as applied to local statutes and ordinances.

The parties do not cite, and I find no Eighth Circuit rulings on severability that are fully in point; that is, applying to local statutes and ordinances. In 1981, however, the Circuit ruled that a severability issue should be dealt with by a federal court as a state court would, even though an ordinance was involved. Postscript Enterprises, Inc. v. Whaley, 658 F.2d 1249 (8th Cir. 1981). More recently there are many federal appellate decisions that do what plaintiff says we are disabled from

---

[5]A licensing scheme generally must impose time constraints on the approval process, require the use of objectively verifiable criteria, and provide for prompt judicial review. Jake's Ltd., Inc. v. City of Coates, 284 F.3d 884, 890 (8th Cir. 2002); citing, FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 224-27 (1990).

5

doing. See, e.g., Bronco's Entertainment, Ltd. v. Charter Tp. Of Van Buren, 421 F. 3d 440, 449 (6th Cir. 2005); Cam I, Inc. v. Louisville/Jefferson County Metro Government, 460 F.3d 717, 720-1 (6th Cir. 2006); Seay Outdoor Advertising, Inc. v. Mary Esther, Fla., 397 F.3d 943, 949-51 (11th Cir. 2005); Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York, 356 F.3d 365 (2d Cir 2004); Valley Outdoor, Inc. v. County of Riverside, 337 F.3d 1111, 1114 (9th Cir. 2003); Deja Vu of Cincinnati, L.L.C. v. Union Tp. Bd. Of Trustees, 326 F.3d 791, 802 (6th Cir. 2003); Chandler v. City of Arvada Colorado, 292 F.3d 1236, 1244-5 (10th Cir. 2002).

The heart of this case involves Section 406, and it is no longer in question that certain portions are invalid. Until a ruling on how much of the Section survives, if any, and what the sound portions of the Sections may be, plaintiff proceeds at its own risk, and has indicated a wish not to prepare plans for a new building until its legal rights are fixed.

While I could opt to take defendant's concession as definitive, and simply enjoin enforcement whatever defendant is no longer seeking to enforce, that would not be helpful to the parties, but would leave them at an impasse. For reasons stated, I am unprepared to rule, pending litigation, that plaintiff is so likely to prevail on all objections that defendant should be told, by preliminary injunction, to stand aside and let plaintiff do what it wants.[6]

Defendant is unduly elusive on what portions of Section 406 it seeks to defend and enforce. Although this ping-pong battle has become tedious to all concerned (and perhaps costly to plaintiff, if likely to be an ultimate winner and proprietor of a successful business) we cannot proceed

---

[6]I do conclude that the issue of likely success is probably the controlling Dataphase factor at this time. The other elements will fall into place for analysis once the legal merits are easier to forecast.

meaning fully without clarification from defendant. Either legal clarification will do or perhaps corrective action by the legislative body of the defendant City. I will put defendant to its choice.

On or before March 22, 2007, defendant shall file supplemental briefing disclosing the exact text of how much of Section 406 it is prepared to defend. In the alternative, by motion filed on or before March 16, 2007, time will be granted to the city to amend Section 406 and make such other changes in its pertinent ordinances as it is prepared to enforce and defend as legally sound. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March 5, 2007

Kansas City, Missouri

7