IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLUE MOON ENTERTAINMENT, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BATES CITY, MISSOURI, et al., )<br>)<br>Defendants. ) | Case No. 04-1050-CV-W-HFS |

**MEMORANDUM AND ORDER**

Before the court is the motion of plaintiff, Blue Moon Entertainment, LLC, for partial summary judgment. Plaintiff seeks an order declaring Section 406 of the Municipal Code of the City of Bates City unconstitutional, and in violation of the First and Fourteenth Amendments. Plaintiff also seeks an order directing defendant, City of Bates, Missouri "Bates City," to issue it a municipal business license.[1] The dispute between these parties has been pending since 2004, and an earlier motion to dismiss filed by defendant was granted in part.[2] Plaintiff appealed, and the case was remanded. The parties have been permitted to file additional briefing.

---

[1] In its complaint filed on November 17, 2004, plaintiff also named Greg Ford, an employee of Bates City, as a defendant. No reference is made to this defendant in the instant motion; presumably plaintiff no longer asserts claims against him.

[2] Inasmuch as plaintiff failed to apply for the conditional use permit as required by Section 406, injunctive proceedings were stayed pending further developments. (Memorandum and Order dated May 13, 2005, doc. 14).

Factual and Procedural Background

As the owner of a parcel of developed property in Bates City, plaintiff sought to operate an entertainment complex which would include "consenting adult non-obscene performance dance entertainment" performed by females. As described by plaintiff, at times, the female entertainers would be fully clothed, and at other times, they would be attired in "pasties" and "G-strings," with the genital, anal cleft, and aerolae opaquely covered. Pursuant to Chapter 605 of the Municipal Code of the City of Bates, specifically Sec. 605.030, all retail establishments were required to obtain a business license prior to commencing operation. On January 8, 2004, plaintiff filed an application for a business license, but when the application was not acted on within the regulated period, plaintiff appealed. Defendant advised plaintiff that pursuant to Section 406, an amendment to the code enacted on April 10, 2001, an "adult night club" is a conditional use which must be approved after public hearings before the Planning and Zoning Commission and the Board of Aldermen. Defendant also advised plaintiff that because a use change was proposed plaintiff would also be required to request a zoning change in accordance with section 405.430 of the Bates City Zoning Ordinance.

Plaintiff did not apply for a conditional use permit or attempt to have the property re-zoned, but commenced suit. Initially, plaintiff sought a temporary restraining order and/or a preliminary injunction enjoining defendant from enforcing section 406 on the ground that it was unconstitutional and violated the First and Fourteenth Amendments.[3] Plaintiff sought declaratory and injunctive

---

[3] Plaintiff also sought injunctive relief against a newly enacted ordinance applicable to "Erotic Dance Establishments," which included Sections 630.010, 630.020, 630.030, 630.040, and 600.095 to the Municipal Code. (Verified Complaint: ¶ 1, doc. 1). Plaintiff does not set forth an argument in the instant motion, and now states that despite defendant's assertions at the time, it does not appear that these provisions were ever enacted or effective. (Plaintiff's Reply Brief: pg. 7, ¶ 1 n.2).

relief, damages, and attorney fees. By an order dated May 13, 2005, I found that while plaintiff was not required to exhaust administrative remedies prior to commencing suit pursuant to 42 U.S.C. § 1983, its failure to apply for the conditional use permit was fatal to its assertion that it suffered irreparable harm. (Order: May 13, 2008; pg. 3-4); citing, Brookins v. Wissota Promoters Ass'n, Inc., 142 F.Supp.2d 1149, 1152 (D.N.D. 2000). Thus, plaintiff's motion for injunctive relief was denied.

On appeal, the Eighth Circuit acknowledged that the failure to show irreparable harm may be fatal to a plaintiff's motion for a preliminary injunction. Blue Moon Entertainment v. City of Bates, 441 F.3d 561, 564 (8th Cir. 2006). However, the Court noted that whenever an ordinance, such as here, requires the issuance of a license or permit prior to engaging in a protected activity, then the licensing scheme is analyzed as a "prior restraint" on the activity. (Id, at 565). Further, the Court determined that a facial challenge of the regulation may be made without first applying for, and being denied, a license. (Id). The case was therefore remanded for further development of the evidentiary record. This would include a determination as to whether, notwithstanding the permit requirement, plaintiff would be entitled to injunctive relief in the face of its failure to have the property rezoned. (Id, at 566). The Court also directed that a determination be made as to whether the permit scheme conformed to constitutional requirements, whether the ordinance was validly enacted, and whether plaintiff could satisfy other requirements for injunctive relief. Id.

Subsequent to the Eighth Circuit opinion, and pursuant to an order by this court (Order dated June 27, 2006, doc. 24), the parties were directed to confer, and file a joint status report and joint recommendation for further proceedings consistent with the opinion. After several delays - primarily due to settlement negotiations which were ultimately unsuccessful - the parties submitted further briefing on the issue of whether plaintiff was entitled to injunctive relief. Defendant "conceded that portions of Section 406 are likely unconstitutional," but argued that plaintiff was not entitled to

injunctive relief due to its failure to comply with Section 605.070(B) of the City Code which requires the submission of site plans to the Building Inspector and Fire Department. (Doc. 33, pg. 4-5). Defendant also noted plaintiff's failure to comply with the parking and zoning requirements of section 406. (Id).

Plaintiff countered that a strict reading of Section 605.070(B) revealed that the submission of site plans was not required; rather, the City Inspector or Marshall must certify that the premises met minimum Code standards. (Doc. 35, pg. 2). According to plaintiff, defendant's submission of photographs of the premises, without affidavits from appropriate municipal officials, fails to support a theory of non-compliance with municipal codes. (Id: pg. 3). Plaintiff also argued that certified plans were not required to be submitted until the building had been constructed. As to those provisions of section 406 regarding parking requirements and the C-1 zoning requirement, plaintiff argued that inasmuch as section 406 is unconstitutional, those provisions as part and parcel of section 406, are also "void, unenforceable, and irrelevant." (Id: pg. 4). Plaintiff contended that while severability under certain general federal principles could apply, federal courts did not have authority to rewrite municipal ordinances to save them from constitutional invalidation. (Id: pg. 4-5).[4]

Defendant did not respond to plaintiff's contentions, thus, by order dated March 5, 2007, defendant was directed to either file supplemental briefing disclosing the exact text of how much of Section 406 it was prepared to defend, or, to file a motion and time would be granted for

---

[4] See, e.g. Video Software Dealers Ass'n v. Webster, 968 F.2d 684, 691 (8th Cir. 1992). In addition to Webster, plaintiff cited numerous cases in support of its argument that severability simply was not an option in this case. Although I found no Eighth Circuit rulings on severability as it related to local statutes and ordinances, a ruling in 1981 held that a severability issue should be dealt with by a federal court as a state court would. (March 5, 2007 Order: pg. 5); citing, Postscript Enterprises, Inc. v. Whaley, 658 F.2d 1249 (8th Cir. 1981).

defendant to amend Section 406. (Doc. 36). Defendant chose the latter, and the case was stayed for amendment purposes. (Order dated April 5, 2007, Doc. 38). On October 18, 2007, the parties filed a joint status report in which defendant stated that it had amended its "adult" business zoning ordinance, Chapter 405 of the City Code (formerly Section 405.405 and Section 406 of the City Code) and its licensing ordinance for "sexually oriented businesses" Section 630.050 of the City Code "the new ordinance." (Doc. 39). Defendant also stated its belief that as amended, the new ordinance was now fully constitutional. (Id). Due to notification requirements, defendant did not anticipate the ordinances becoming effective until November 13, 2007. Notwithstanding the amendment, the parties also noted plaintiff's intention to seek summary judgment declaring the prior adult business zoning provisions to be unconstitutional. (Id).

Standard of Review for Summary Judgment

The movant for summary judgment must make sufficient showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the opposing party's claims. Doctor John's Inc. v. City of Sioux City, Iowa, 389 F.Supp.2d 1096, 1112 (N.D.Iowa 2005); citing, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This can be accomplished by informing the district court of the basis for the motion and identifying those portions of the record which show lack of a genuine issue. Id. To defeat a motion for summary judgment, the opposing party must then meet its countervailing burden under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Doctor John's, at 1112.

Current Controversy

The sole issue before this court is whether Section 406 is unconstitutional in its entirety. Plaintiff seeks a judgment declaring that the ordinance is unconstitutional in its entirety, yet, it's argument is limited to the ordinance only insofar as it relates to the unbridled discretion vested with the city officials in their promulgation of regulations of adult night clubs. Actually, the ordinance, in its entirety, has given the city officials unbridled discretion to mandated regulations for a number of specified uses. As such, and maybe without intent, plaintiff actually seeks severance of the statute.

Defendant claims that such an inquiry is immaterial because it has already conceded that Section 406 gave unbridled discretion to city officials and did not set specific time limits for the officials to act. (Defendant's Statement of Uncontroverted Facts[5]: ¶ 5). Contrary to defendant's contention, the well settled rule is that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Doctor John's, at 1113 (N.D.Iowa 2005). Because defendant's "repeal of the objectionable language would not preclude it from reenacting precisely the same provision....." Id. Thus, plaintiff's claim that Section 406 is unconstitutional is not immaterial.

Defendant also contends that plaintiff's failure to apply for a business license or a conditional use permit results in a finding of no injury in fact. This argument is also without merit. It is well-settled that in the context of prior restraints on speech or expression, the Supreme Court has "long held that when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license. Blue Moon, 441 F.3d at 565; quoting, City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 755-56 (1988).

---

[5]Hereinafter referred to as "SOUF."

Defendant admits that a portion of Section 406 gave unbridled discretion to Bates City's Board of Aldermen and did not set forth specific time limits for the Board to act; thus, defendant states that Section 406 "was in part unconstitutional." (Defendant's SOUF: ¶ 5). Defendant is not specific, but, presumably it refers to the initial paragraphs of Section 406, as well as paragraph (A). Defendant argues, however, that those provisions contained in Section 406 that required adult businesses to be located in a C-1 zone and that required all parking areas to be of a hard surface and designed to drain storm water, were constitutional - presumably paragraph (A)(2). Therefore, defendant contends that even upon finding Section 406 to be unconstitutional, plaintiff would still not be entitled to the relief it seeks because it cannot demonstrate that there is no genuine issue of fact that the offending ordinance resulted in a denial of the business license. In support of its position, defendant notes that, pursuant to the constitutionally valid provision requiring compliance with zoning, plaintiff has failed to have the property properly zoned.[6] Defendant also notes that plaintiff has failed to comply with the parking requirements pursuant to the constitutionally valid provision of Section 406. Finally, defendant contends that plaintiff's failure to provide site plans for approval by the Building Inspector and Fire Department as required by Section 605.070(B) of the municipal code defeats its claim that it suffered actual injury.

Plaintiff counters that the unconstitutional provisions contained in Section 406 cannot be severed from the zoning and parking provisions that defendant contends are constitutionally valid. Plaintiff contends that Section 406 is unconstitutional in its entirety, and points to the zoning and

---

[6]Plaintiff claims that despite consulting with municipal officials, it has been unable to ascertain the zoning district in which the property is located. (Plaintiff's Supporting Suggestions: SOUF, ¶ 4). In response, defendant concedes this claim, but repeats it's argument that plaintiff was advised that the property needed to be in a C-1 zone. ( Defendant's Response to Plaintiff's SOUF: ¶ 4). It defies reason as to why plaintiff would be required to have its property re-zoned, when there is no information as to the current zoning designation of the property.

parking lot provisions which apply to "adult bookstores, adult night clubs, and adult motion pictures." Plaintiff argues that the zoning and parking lot provisions are an equally unconstitutional prior restraint on expression because the definitions are vague which results in unbridled discretion in the city officials in determining whether a business is required to comply with this regulation. According to plaintiff, it did not consider itself to be an adult night club because it did not intend to offer nude dancing.

It is noteworthy that in its response, defendant controverts plaintiff's contention, but offers no further argument or authority to support its position. Apparently, defendant recognized this frailty and in a subsequent redraft, Section 630.040 of the Bates City Municipal Code "the new ordinance," devoted an entire section to include definitions. (Defendant's Opposing Suggestions: Exh. A). In fact, defendant states that Section 406 "no longer exists." (Defendant's Response to Plaintiff's SOUF: ¶¶ 14-22). Defendant states that it has also done away with the requirement that plaintiff must apply for a conditional use permit and the requirement to re-zone the property to a C-1 General Commercial District. (Defendant's Response to Plaintiff's SOUF: ¶¶ 24-25).

In any event, plaintiff's vagueness argument is not persuasive. In order to avoid a finding of vagueness, a statute must (1) be clear enough to provide a person of ordinary intelligence with notice of what conduct is prohibited, and (2) provide standards for those who enforce the prohibitions. Farkas v. Miller, 151 F.3d 900, 905 (8th Cir. 1998); citing, Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Plaintiff claims that the meaning of "adult nightclub" as noted in the ordinance is not clear - due to the absence of a definition - and, in any event, it does not consider itself to be an adult night club. Plaintiff's only stated reason is that it did not intend to present nude dancing. Contrary to plaintiff's contention, mathematical precision is not required in legislation. Ways v. City of Lincoln, 2002 WL 1742664 *7 (D.Neb. Jul. 29, 2002). Although there

may be issues of interpretation regarding the meaning of a statute, that in itself does not give rise to a finding of unconstitutional vagueness. Id. Moreover, "It will always be true that the fertile legal 'imagination can conjure up hypothetical cases in which the meaning of [disputed] terms will be in nice question.'" Farkas, 151 F.3d at 905-06; quoting, Grayned, 408 U.S. at 110 n.15.

I find plaintiff's purported confusion incredulous. Plaintiff admits that its dancers will "at times by fully clothed, and at other times attired in 'pasties' and 'G-strings'. (Complaint: ¶ 16). According to plaintiff, the genitals, anal cleft and aerolae of the performers will at all times be "opaquely" covered. (Id). Yet, it contends that such a performance could not reasonably be considered an adult night club, merely because the dancers are not completely nude. I conclude that the ordinance is not vague with respect to the criteria noted for businesses such as the one proposed by plaintiff, i.e. an adult night club. Ways, at * 7. I think a person of ordinary intelligence would be able to discern that the intended performances of dancers at plaintiff's establishment fell within the confines of an adult night club and therefore, subject to the regulations in the ordinance as it pertains to the designated zoning district and the physical composition of the parking areas. Id. Because the ordinary meaning of "adult night club" may be applied in order to interpret the ordinance, the lack of an express definition is not a constitutional flaw. Metro Produce Distributors v. City of Minneapolis, 473 F.Supp.2d 955, 961 (D. Minn. 2007). Consequently, I do not find the classification of an adult night club as stated in paragraph (A)(2) of Section 406 to be unconstitutionally vague.

Another bone of contention between the parties is whether plaintiff complied with Section 605.070, which requires certification by the City Inspector or the Marshall that the premises met minimum code standards. Defendant's reading of this regulation is that it requires the submission of site plans. Plaintiff contends that a literal reading merely requires certification by one of the listed

officials. This argument was previously advanced by plaintiff, and I noted that while the language of the regulation did not expressly mandate the submission of site plans, it clearly contemplated the submission of information on all new applications so that compliance with minimum code standards could be ascertained. (March 5, 2007 Order: pg. 4).

In sum, summary judgment will be granted in favor of plaintiff, in part, to the extent that there is no genuine issue for trial regarding the constitutionality of Sec. 406 to the extent that the initial paragraphs vested unbridled discretion with the Board of Aldermen, and did not set forth specific time limits for the Board to act. However, in addition to a judgment declaring Section 406 unconstitutional, plaintiff requests that defendant be ordered to issue a business license to plaintiff. Yet, plaintiff cites no relevant authority in support of its contention. Defendant correctly notes, and I agree, plaintiff "wholly ignores the ordinances currently in place .... with respect to obtaining a business license .... (Defendant's Opposing Suggestions: pg. 8). Consequently, summary judgment will be denied with respect to the issuance of a business license. If plaintiff does not contest the current ordinances and does not pursue its night club project thereunder, presumably a theory of damages for past meritorious grievances may exist and should be prepared for trial, if not settled.

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment (ECF doc. 42) is GRANTED in part and DENIED in part, consistent with this opinion.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  16 , 2008

Kansas City, Missouri